# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

Sade Renee El,

        Plaintiff,

v.

Stephanie A. Charter, et al.,

        Defendants.

Case No. 2:21-cv-01910-APG-DJA

**ORDER**

      Plaintiff Sade Renee El is proceeding pro se and has submitted a second application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 4). Plaintiff also submitted an amended complaint. (ECF No. 5). The Court originally denied Plaintiff's application to proceed *in forma pauperis* because Plaintiff did not sign the complaint. (ECF No. 3). While Plaintiff's amended complaint includes her signature, her second application to proceed *in forma pauperis* is incomplete.

      Plaintiff has answered questions 8 and 12 with "N/A"—"not applicable"—and by asserting the Fourth Amendment. (ECF No. 4 at 4-5). While N/A is an acceptable answer if true, the Fourth Amendment—which secures the right of people to be free from unreasonable searches and seizures—is not an acceptable grounds on which to not answer the questions. Plaintiff's response to question 11 also includes a false premise. (*Id.* at 5). Plaintiff asserts that she cannot pay the cost of her proceeding because "1933 silver and gold coins are legally the only form of tender. I do not possess any gold and/or silver." (*Id.*). This is not an acceptable answer because the Court does not require gold or silver coins from 1933 to pay the filing fee. As explained in the information packet attached to the Court's approved application to proceed *in forma pauperis*[1], "[i]f you have money to pay the full filing fee, please send a *check or money order*

---

[1] This form can be found at https://www.nvd.uscourts.gov/wp-content/uploads/2020/12/IFP-Non-Inmate-12-1-20.pdf.

made payable to 'CLERK, U.S. DISTRICT COURT' with your complaint or petition." (emphasis added).

Because Plaintiff's *in forma pauperis* application is incomplete, the Court cannot determine whether Plaintiff is eligible to proceed *in forma pauperis*. The Court thus denies Plaintiff's application without prejudice. Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court will not require Plaintiff to file an amended complaint with her renewed application to proceed *in forma pauperis* because she has cured the signature deficiency in her original complaint. Plaintiff need only file a completed application to proceed *in forma pauperis* or pay the complete filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **denied** without prejudice as incomplete. The Clerk of Court is kindly directed to mail Plaintiff a copy of this Order along with the approved form application for a non-inmate to proceed *in forma pauperis* and the accompanying instruction packet.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Thursday, February 10, 2022,** which is fourteen days from the date of this Order, to submit either a: (1) complete application to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a)(1) and LSR 1-1[2]; or (2) pay the full $402 fee for a civil action, which includes the $350 filing fee and the $52 administrative fee. Plaintiff is advised that failure to comply with this Order will result in a recommendation to the District Judge that her case be dismissed.

DATED: January 27, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] LSR 1-1 refers to the Court's local rule on applications to proceed *in forma pauperis*. The Court's local rules may be accessed on the Court's website at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.