UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sade Renee El,<br><br>                    Plaintiff,<br><br>     v.<br><br>Stephanie Charter, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-01910-CDS-DJA<br><br>**Report and Recommendation** |

Plaintiff Sade Renee El is proceeding *pro se*. Plaintiff has applied to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 7). Plaintiff has also submitted an amended complaint.[1] (ECF No. 5). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     *In forma pauperis* application.**

Plaintiff has filed the application required by § 1915(a). (ECF No. 7). Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's amended complaint.

**II.    Screening standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is

---

[1] Plaintiff's amended complaint appears to be her appellate brief in a Nevada state court case. In the title—"Appellant's Informal Brief"—Plaintiff has crossed out the word "Informal" and replaced it with the word "Amended." (ECF No. 5 at 1). Liberally construing her filing, the Court accepts this as her amended complaint. However, the Court will not accept filings on another court's form in the future. To the extent Plaintiff wishes to file an amended complaint, the Court directs her to the United States Courts website, where Plaintiff can find a *pro se* civil complaint form. https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case.

legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277

F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**III.    Discussion.**

Plaintiff alleges that, on June 28, 2020, she parked in a grocery store parking lot to charge her phone so that she could use her GPS to navigate home.  (ECF No. 5 at 4).  Shortly after she parked, Plaintiff asserts that an individual named "Karen" placed a "fraudulent call" to 911.  (*Id.*).  Officer S. Guerra arrived and began asking Plaintiff questions.  (*Id.*).  Officer Guerra then noticed Plaintiff's child sleeping in the back seat and demanded that Plaintiff exit her vehicle, reaching towards the gun on his hip in a threatening manner.  (*Id.* at 4-5).

Plaintiff got out of her car, after which Officer Guerra "became more aggressive asking more questions…and then claimed [Plaintiff] was getting arrested for a DUI." (*Id.*).  Plaintiff asked to call a friend or family member to pick up her child, which request Officer Guerra refused.  (*Id.*).  Plaintiff asserts that Officer Guerra then "kidnapped" her, leaving her child in the car alone.  (*Id.*).

Plaintiff was detained for seventy-two hours, after which she called Child and Family Services (CFS)—the Court infers that CFS received Plaintiff's child at some point after Plaintiff's arrest—and spoke with Nicholas Eason.  (*Id.*).  She demanded her child back, but it appears Eason refused.  (*Id.*).  Plaintiff claims that CFS falsified documents about her drug and alcohol abuse to justify not returning her child.  (*Id.*).

Plaintiff asserts that Eason and Michelle Pelino—a CFS employee to whom Plaintiff's case was transferred—are not licensed to work with children.  (*Id.*).  Plaintiff also asserts to have sent numerous emails to the CFS office demanding the return of her child, which emails have been ignored.  (*Id.*).  Plaintiff has also filed numerous documents with Steve Gierson, the Clerk of Court for the Eighth Judicial District Court; Clark County District Attorney Steve Wolfson; and Nick Petas—it is unclear from Plaintiff's complaint who this individual is—demanding her child

returned. (*Id.* at 5-6). She claims that her "over 300 emails" and "80 affidavits, writs, defaults, escheat letters, habeas corpus, violation warnings etc." have been ignored. (*Id.* at 10).

Plaintiff claims CFS retaliated against her for filing these documents by shortening her visits with her child. (*Id.* at 5-6). At one visit, Plaintiff claims to have been sexually harassed, but does not explain by whom. (*Id.*). It appears that Plaintiff filed a complaint "with clerk of court" against Dydia Garcia in connection with this incident. (*Id.*). It is unclear whether Garcia is associated with CFS, whether Garcia is the individual Plaintiff claims harassed her, or both. Plaintiff asserts that her child is at risk in her foster home and that CFS managers Shalonda Adams and Tisha Evans—whom Plaintiff also claims are not licensed—have ignored Plaintiff's complaints. (*Id.* at 8).

Plaintiff appeared at two hearings in front of Judge Stephanie Ann Charter (*Id.* at 8-10). Plaintiff asserts that Judge Charter "discriminated" against her and committed "treason" during these hearings by having Plaintiff removed from the courtroom on one occasion and denying Plaintiff's demand for a trial by jury on another. (*Id.*). Plaintiff claims that she also called Assistant Attorney General Stephanie Richer,[2] "demanding discovery" and that Richer denied the request. (*Id.*). Based on these facts, Plaintiff asserts numerous claims, apparently against the Eighth Judicial District Court, CFS, Judge Charter, Richer, District Attorney Wolfson, Petas, Pelino, Garcia, Adams, Evans, and Eason. Plaintiff also adds Hearing Master Adriana Rincon White, Judge Belinda T. Harris, Beth Rosenblum, and Payal V. Patel.[3]

---

[2] Plaintiff alternatively names "Stephanie Rihter." The Court construes this as a typo and considers Stephanie Richer to be one defendant.

[3] Except for District Attorney Wolfson, the individuals Plaintiff includes in her amended complaint are not named in her caption. While the Court construes "District Court Family Division Clark County Nevada,"—listed in the caption—as being the Eighth Judicial District Court, Plaintiff does not mention "Jennifer Kuhlman," whom she includes in her caption but not in her complaint. To the extent Plaintiff amends her complaint, she must include all the defendants she is suing in her case caption.

### A. The Court recommends dismissing Plaintiff's claims based on criminal statutes with prejudice.

Plaintiff lists 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1512, and 18 U.S.C. § 2071 as statutes under which she brings her claims. (ECF No. 5 at 13-14). However, each of these is a criminal statute that does not provide a private right of action. *Christian v. United States*, No. 2:14-cv-01151-RFB, 2014 WL 3809046, at *4-5 (D. Nev. Aug. 1, 2014) (discussing 18 U.S.C. § 214); *Estes v. Gaston*, No. 2:12-cv-01853-JCM, 2012 WL 6645609, at *3 (D. Nev. Nov. 26, 2012) (discussing 18 U.S.C. § 242); *Albanese v. Las Vegas Metropolitan Police Dep't*, No. 2:17-cv-01600-JAD-VCF, 2017 WL 2622759, at *3 (D. Nev. June 15, 2017) (discussing 18 U.S.C. § 1512); *Ingraham v. Lundrigan*, No. 1:10-cv-01273-LJO-DLB, 2010 WL 2942658, at *2 (E.D. Cal. July 23, 2010) (discussing 18 U.S.C. § 2017). Because these statutes provide no basis for civil liability, the Court recommends dismissing Plaintiff's claims with prejudice.

### B. The Court recommends dismissing Plaintiff's claims against immune defendants with prejudice.

Judges and courts have absolute civil immunity for their judicial acts unless there is a "clear absence" of subject-matter jurisdiction. *Estes*, 2012 WL 6645609, at *3 (citing *Stump v. Sparkman*, 435 U.S. 349, 356-58 (1978)). Judicial immunity also extends to court staff. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (explaining that court clerks are immune when they perform tasks that are an integral part of the judicial process). "A prosecutor is absolutely immune when performing the traditional function as advocate…However he is not entitled to such protection when he is case in the role of an administrator or investigative officer rather than that of advocate." *Mendoza v. Abowd*, No. 3:17-cv-00160-MMD-WGC, 2017 WL 2838261, at *5 (D. Nev. June 30, 2017) (citing *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015)).

Plaintiff's claims against the Eighth Judicial District Court, Judge Stephanie Charter, Clark County District Attorney Steve Wolfson, Judge Belinda T. Harris, Hearing Master Adriana Rincon White, and Clerk of Court Steve Gierson all fail because these individuals are immune. Even if these individuals' conduct exceeded the boundaries of absolute immunity—as Plaintiff

appears to assert—Plaintiff still fails to state a colorable claim against any of them. Plaintiff's allegations against Judge Charter involve Judge Charter acting in her judicial capacity. Plaintiff has not alleged facts specific to District Attorney Wolfson, Judge Harris, or Hearing Master Rincon White. She has only asserted conclusory allegations. And while Plaintiff claims to have filed hundreds of documents with Clerk of Court Gierson and District Attorney Wolfson, Plaintiff gives no authority that they were required to respond. The Court recommends dismissing Plaintiff's claims against these Defendants with prejudice.

        **C.**     *The Court recommends dismissing Plaintiff's 42 U.S.C. § 1985(3) claim without prejudice.*

Plaintiff appears to allege that all defendants conspired to violate her rights in violation of 42 U.S.C. § 1985(3). "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *See Gilliespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Griffin*, 403 U.S. at 102. "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *See Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

The Court recommends dismissing Plaintiff's 42 U.S.C. § 1985(3) claim without prejudice. While Plaintiff alleges conclusory statements that Defendants are somehow all involved in the wrongful placement of her child in protective services, this is insufficient to allege conspiracy. Plaintiff has also failed to allege whether there is a racial or class-based animus behind the alleged conspirators' actions. Without more, Plaintiff's claim of conspiracy is

insufficient. The Court thus recommends dismissing Plaintiff's 24 U.S.C. § 1985(3) claim without prejudice.

### D. The Court recommends dismissing Plaintiff's unreasonable search and seizure, unlawful arrest, and due process violation claims without prejudice.

Liberally construing Plaintiff's complaint, she appears to allege unreasonable search and seizure, unlawful arrest, and violations of her due process rights. However, to the extent she is alleging them, she does not provide enough facts to support these claims. The Court thus recommends dismissing them.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and requires that a warrant sanctioning a search or seizure be supported by probable cause. U.S. Const. Amend. 4. A claim for unlawful arrest is cognizable under 42 U.S.C. § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964-65 (9th Cir. 2001). Probable cause exists if, at the moment of arrest, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the subject had committed a crime. *Blankenhorn v. City of Orange*, 485 F.3d 463, 471-72 (9th Cir. 2007). To establish a Fourteenth Amendment substantive due process violation, a plaintiff must show that the defendant deprived him of his life, liberty, or property and engaged in "conscience shocking behavior." *Perez-Morciglio v. Las Vegas Metropolitan Police Dep't*, 820 F.Supp.2d 1111, 1126-27 (D. Nev. Oct. 25, 2011) (citing *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006)). To the extent Plaintiff is alleging unreasonable search and seizure, unlawful arrest, and violations of her due process rights, the Court recommends dismissing them without prejudice. Plaintiff has not asserted facts sufficient to establish any of these claims.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims brought under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1512, and 18 U.S.C. § 2071 be **dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that the Eighth Judicial District Court, Judge Stephanie Charter, Clark County District Attorney Steve Wolfson, Judge Belinda T. Harris, Hearing Master Adriana Rincon White, and Clerk of Court Steve Gierson be **dismissed from this action with prejudice**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims brought under 42 U.S.C. S 1985(3) be **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's unreasonable search and seizure, unlawful arrest, and due process violation claims be **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given leave to file a second amended complaint to the extent she believes she can cure the noted deficiencies.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 29, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE