1

2

3

**UNITED STATES DISTRICT COURT**

4

**DISTRICT OF NEVADA**

5

* * *

6

Sade Renee El,

Case No. 2:21-cv-01910-CDS-DJA

7

Plaintiff,

**Report and Recommendation**

8

v.

9

Stephanie Charter, et al.,

10

Defendants.

11      Plaintiff Sade Renee El is proceeding *pro se* and *in forma pauperis.*  After the Court

12  granted Plaintiff's motion to proceed *in forma pauperis*, it recommended dismissing her

13  complaint for failure to state a claim.  (ECF No. 11).  It recommended dismissing her claims

14  brought under 18 U.S.C. §§ 241, 242, 1512, and 2071 with prejudice because the statutes do not

15  provide a private cause of action.  (*Id.* at 8).  It recommended dismissing Defendants the Eighth

16  Judicial District Court, Judge Stephanie Charter, Clark County District Attorney Steve Wolfson,

17  Judge Belinda T. Harris, Hearing Master Adriana Rincon White, and Clerk of Court Steve

18  Gierson with prejudice, finding that these Defendants are immune.  (*Id.*).  It recommended

19  dismissing her claims brought under 42 U.S.C. § 1985(3) without prejudice because her

20  allegations that Defendants were somehow involved in the wrongful placement of her child in

21  protective services were conclusory.  (*Id.* at 6).  Finally, it liberally construed Plaintiff as alleging

22  unreasonable search and seizure, unlawful arrest, and due process violation claims, but

23  recommended dismissing those claims without prejudice because Plaintiff did not provide enough

24  facts to support them.  (*Id.* at 7).

25      Plaintiff timely filed an amended complaint.  (ECF No. 15).  However, it suffers from the

26  same deficiencies as her previous complaint.  The Court thus recommends dismissing Plaintiff's

27  amended complaint.

28

1  **I.      Screening standard.**

2        Federal courts are given the authority to dismiss a case if the action is legally "frivolous or

3  malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

4  a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

5  complaint under § 1915, the plaintiff should be given leave to amend the complaint with

6  directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

7  deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

8  (9th Cir. 1995).

9        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

10  complaint for failure to state a claim upon which relief can be granted.  Review under Rule

11  12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

12  719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

13  the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

14  *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

15  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

16  elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

17  *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

18  contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

19  556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

20  allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not

21  crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550

22  U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal

23  pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding

24  that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

25        Plaintiff has not cured the deficiencies the Court noted when recommending dismissal of

26  her prior complaint.  The Court thus recommends dismissing her amended complaint.  Other than

27  Steve Gierson, Plaintiff has re-named each of the defendants the Court recommended be

28  dismissed from the action with prejudice because they are immune.  (ECF No. 15).  But Plaintiff

has not alleged any facts to support the conclusion that the conduct of these defendants exceeded the boundaries of the absolute immunity applicable to the judiciary and prosecutors.  Instead, her allegations are again conclusory.  The remainder of Plaintiff's claims—some apparently asserted against newly-added Defendant Officer P. Anderson—are too conclusory to constitute claims upon which relief can be granted.  Moreover, Plaintiff appears to again base some of her claims on criminal statutes that the Court already recommended dismissing with prejudice because they do not provide private causes of action.  Because her complaint contains the same deficiencies the Court has already pointed out in its previous screening recommendation (ECF No. 11), it does not reiterate them here.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's amended complaint (ECF No. 15) be **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given leave to file a third amended complaint to the extent she believes she can cure the noted deficiencies.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 27, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE