UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Sade Renee El,

               Plaintiff,

  v.

Stephanie Charter, et al.,

               Defendants.

Case No.: 2:21-cv-001910-CDS-DJA

**Order Adopting Reports and Recommendations of the Magistrate Judge**

(ECF Nos. 11; 16)

      This action stems from a series of filings brought by Plaintiff Sade Renee El in her attempt to sue a variety of state court judges, government attorneys, police officers, and other professionals in the legal field. United States Magistrate Judge Daniel J. Albregts responded to those filings in two different reports and recommendations. For the reasons set forth herein, I adopt in full both Reports and Recommendations, ECF Nos. 11, 16, and dismiss this case.

      I.      Relevant Background Information

      On December 22, 2021, United States Magistrate Judge Daniel J. Albregts issued an order denying Plaintiff's *in forma pauperis* (IFP) application and declining to review Plaintiff's amended complaint. *See* ECF No. 3 (advising Plaintiff that because her application was unsigned, it could not be reviewed). As a result of the incomplete IFP application, the Court declined to screen Plaintiff's amended complaint but allowed Plaintiff the opportunity to cure the IFP application issues on or before January 5, 2022. *Id.*

      On January 7, 2022, Plaintiff filed an amended complaint, ECF No. 5, and another IFP application, ECF No. 4. On January 27, 2022, Magistrate Judge Albregts issued a screening order denying Plaintiff's second IFP application for being incomplete, and pursuant to 28 U.S.C. §

1915(e)(2)(B), did not screen the amended complaint. ECF No. 6. The screening order gave Plaintiff until Thursday, February 10, 2022 to submit either a: "(1) complete application to proceed in forma pauperis in compliance with 28 U.S.C. § 1915(a)(1) and LSR 1-12; or (2) pay the full $402 fee for a civil action, which includes the $350 filing fee and the $52 administrative fee." *Id.* The screening order also advised Plaintiff that failure to comply with the order would result in a recommendation to the District Judge that the case be dismissed. *Id.* Plaintiff submitted an amended, third IFP on February 11, 2022. ECF No. 7.[1]

On April 29, 2022, Magistrate Judge Albregts issued a Report and Recommendation (first R&R) advising that I grant Plaintiff's third IFP pursuant to 28 U.S.C. 1915(a) but dismiss the amended complaint. *See generally* ECF No. 11. Specifically, the first R&R recommends dismissing with prejudice the causes of action that allege criminal violations (18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1512, and 18 U.S.C. § 2071) because those statutes that do not create a private right of action. *Id.* at 8. The first R&R also recommends that I dismiss with prejudice the asserted claims against defendants with qualified immunity (Defendants Eighth Judicial District Court, Judge Stephanie Charter, Clark County District Attorney Steve Wolfson, Judge Belinda T. Harris, Hearing Master Adriana Rincon White, and Clerk of Court Steve Gierson). *Id.* Magistrate Judge Albregts recommends dismissing the remaining causes of action (42 U.S.C. § 1985(3); unreasonable search and seizure; unlawful arrest; and due process violation) without prejudice due to pleading deficiencies. The first R&R recommended giving Plaintiff leave to file a second amended complaint to the extent Plaintiff could cure the deficiencies identified by

---

[1] ECF No. 6 was returned as undeliverable to the Clerk's Office. *See* ECF No. 8. A change of address was filed by Plaintiff on April 18, 2022. ECF No. 10. A second notice to Plaintiff informing her that the case was administratively reassigned to this Court was again returned as undeliverable on May 23, 2022. *See* ECF No. 13. This Court ordered that Plaintiff file her updated address with the Clerk pursuant to Local Rule IA 3-1. ECF No. 14. Plaintiff effectively did so in filing her amended complaint with a new address. ECF No. 15 at 1.

Magistrate Judge Albregts. *Id.* Objections to the first R&R were due by May 13, 2022. *See id.*; *see also* LR IB 3-2(a). Plaintiff did not file any objections by May 13, 2022.

On May 10, 2022, the court received information that the Plaintiff did in fact receive a copy of the first R&R. A week later, Plaintiff filed a motion to extend time to file an answer (ECF No. 12) which the court liberally construed as a request for additional time to file objections to the first R&R or file an amended complaint. Accordingly, the Court granted Plaintiff's motion to extend and ordered that Plaintiff file any objections to the Report and Recommendation (R&R) on or before June 3, 2022, and further advised that if Plaintiff intended to file an amended complaint, it must be filed on or before June 3, 2022. ECF No. 14. Plaintiff did not file anything by the June 3, 2022, deadline.

Four days after the deadline, on June 7, 2022, Plaintiff filed an amended complaint. ECF No. 15. Magistrate Judge Albregts again screened the amended complaint and issued a second Report and Recommendation (second R&R) on July 27, 2022, recommending again that the complaint be dismissed because it suffered from the same deficiencies as the prior complaint. ECF No. 16.  Magistrate Judge Albregts found that, except for Steve Gierson, Plaintiff re-named each of the same defendants that he originally recommended by dismissed from the action with prejudice based on qualified immunity and further noted that the allegations in the complaint were conclusory. *Id.* at 2-3. The second R&R advises that the remainder of Plaintiff's allegations (which included the additional of a new defendant, Officer P. Anderson) were too conclusory for the Court to constitute claims upon which relief could be granted. *Id.* at 3. Finally, the second R&R notes that Plaintiff re-alleged claims based on criminal statutes that provide for no private right of action nor civil liability. *Id.* Consequently, the second R&R recommends dismissing the complaint without prejudice, with leave to amend. *Id.* Plaintiff was again advised that any objections to the second R&R must submitted in writing and supported by points and

authorities within fourteen days of being served with the report and recommendation, and further that failure to file a timely objection(s) may waive the right to appeal the district court's order. *Id.* The deadline to file any objections or a second amended complaint was August 10, 2022. Plaintiff did not file anything by the August 10, 2022.

## II. Legal Standard

When reviewing the order of a Magistrate Judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A Magistrate Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). However, no review is required "of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## III. Analysis

Here, Plaintiff did not file objections to either of the pending Reports and Recommendations. While *de novo* review is not required because Plaintiff failed to file objections,

4

I nevertheless conducted a *de novo* review of the issues set forth in both reports and recommendations pursuant to 28 U.S.C. § 636(b)(1) and find that Magistrate Judge Albregts set forth the proper legal analysis and factual basis in the R&R (ECF No. 19). Stated otherwise, the R&Rs were neither clearly erroneous nor contrary to the law. Accordingly, the first R&R and second R&R are adopted in their entireties.

**IV.   Conclusion**

IT IS THEREFORE ORDERED that the Magistrate Judge Albregt's Report and Recommendation **(ECF No. 11) is ADOPTED** in its entirety.

IT IS THEREFORE ORDERED that the Magistrate Judge Albregt's Report and Recommendation **(ECF No. 16) is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that the Plaintiff's Amended Complaint (ECF No. 15) is STRICKEN.

IT IS FURTHER ORDERED that, to the extent Plaintiff can cure the deficiencies identified in both Report and Recommendations (ECF Nos. 11 and 16), Plaintiff may file a second amended complaint within 14 days of this Order. Failure to file an amended complaint or the filing of an amended complaint containing the same deficiencies as the prior two complaints will result in this action being dismissed with prejudice.

DATED this 16th day of August, 2022.

_____
Cristina D. Silva
United States District Judge