FILED _____ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 29 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Sade Renee El in proper persona sui juris, ) | |
| ) | |
| Petitioner/Appellant ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | Cause No. 2:21-cv-01910-APG-DJA |
| ) | |
| STEPHANIE ANN CHARTER in her ) | |
| official  and individual capacities, ) | |
| ) | |
| S.GUERRA #18286, P.ANDERSON ) | |
| in their official and individual capacities and) | |
| ) | |
| ) | |
| CHILD FAMILY SERVICES LAS VEGAS) | |
| et al., ) | |
| Defendants. ) | |

### III. STATEMEMT OF CLAIM
### AMENDED COMPLAINT 9.20.2022

The right to family association Is sheltered against the governments unwarranted usurpation, disregard, or disrespect.

*"We hold these truths to be self-evident, that all men are created equal, that they are endowed by their creator with certain unalienable rights, that among these are Life, Liberty and the pursuit of Happiness"*

Jury Trial Demanded

## AMENDED COMPLAINT

Petitioner Sade Renee El  enters in amended complaint against Defendants, Stephanie Ann Charter, Adriana Rincon White, Belinda T Harris, Steven B Wolfson, Stephanie Richter, Beth Rosenblum, Nick Petas, Paya Patel, EIGHTH JUDICIAL FAMILY COURT (INC.), Nicholas Eason, Michelle Pelino, Shalonda Adams, Tisha Evans, Dydia Garcia, CHILD FAMILY SERVICES, LAS VEGAS (INC.) Sheriff Joe Lombardo and Officer S.Guerra #18286, P.Anderson #16266,  State of Nevada as follows:

## INTRODUCTION

1.      Defendants Stephanie Ann Charter, Adriana Rincon White, Belinda T Harris, Stephanie Richter, Nick Petas, Paya Patel, Beth Rosenblum conspired together knowingly and willfully broke their Oath to the U.S Constitution for financial gain and as a result of the policies and customs of the EIGHTH JUDICAL FAMILY COURT LAS VEGAS.

2.      Petitioner Sade Renee El affirms that Defendants S.Guerra and P.Anderson knowingly and willingly made an unreasonable search and seizure of her person, assaulted, battered, raped and falsely imprisoned her by forcing her to remove herself from her automobile physically restraining her without cause, sexually assaulting her by removing her clothes and kidnapping

her without cause.  Petitioner affirms that these constitutional violations were committed as a result of the policies and customs of the Las Vegas Metropolitan Police Department which Sheriff Joe Lombardo is responsible for making sure the Law of the Land is being adhered to and that unalienable rights are not being violated.

3.      Social and Case workers duties includes protecting the Constitutional rights of the child and the parents. Defendants Nicholas Eason, Michelle Pelino, Tisha Evans, Shalonda Adams and Dydia Garcia intentional inflicted pain and emotional distress out of discrimination, under color of law, and following CHILD FAMILY SERVICES policies and procedures which Federal legislation requires agencies whether its county or state government to provide training to their social workers regarding the law as it relates to the work that they are doing in child investigations.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction able to review, hear and determine matters pursuant to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343 (42 U.S.C 1985) Constitution of the United States 4th Amendment and 14th Amendment and the Constitution of the State of Nevada Article 1, Section 1,5,17,18 and 20.

2.      Federal Court agents have constitutional obligations and oaths they either sworn or affirmed to per Article 15 Section 2 Nevada Constitution.

3.      Venue lies in the United States District Court, District of Nevada because all events giving rise occurred at Las Vegas, Nevada.  28 U.S.C. § 1391(b)(2).

## PETITIONING PARTY

1.      Petitioner Sade Renee El is A Foreign National. She is a loving mother and a personal trainer by trait. She has worked in office management and has coached children's sports for over 10 years. She is very respected and honored for the years of volunteering to feed the homeless and take care of the elderly.

## BACKGROUND

1.   On June 28,2020 around 6:28 p.m.at Las Vegas Petitioner Sade Renee El and her offspring Ase Divine El sat in her parked automobile at a major shopping lot, charging her phone to obtain GPS directions to travel home. Being parked for approximately 6 minutes she was aggressively approached by policy enforcer S.Guerra #18286 and P.Anderson #16266. Both defendants began to yell and threaten Sade Renee El to show authority and aggression. Being vulnerable and alone at the time with a baby Petitioner began to feel very nervous and scared for her life.  Both policy enforcers then began violating her right to privacy, forcing her out of her conveyance as S.Guerra started reaching at both sides of his hips clearly insinuating he had several weapons that he was ready to use. With no evidence or cause Petitioner was sexually manhandled, groped and raped as both policy enforcers began feeling on her breast and legs as they took off her clothes. (see Exhibit A property report LVMP). As Petitioner was unlawfully placed in cuffs by S.Guerra #18286 she witnessed #16266 open the back door of her automobile and remove the diaper from Sade Renee El's newborn baby. As Petitioner cried out in anger and shock she was beaten and kidnapped. Petitioner did not violate any traffic laws. She was not illegally parked and did not engage in any unlawful conduct while in the lot.

Page 4 of 12

Defendants falsified the police report and added in "Child Endangerment" out of retaliation. Both defendants are liable for setting in motion a series of acts by others which both defendants knew or reasonably should have known would cause others to inflict a constitutional injury. Both Defendants in writing swore under affirmation Petitioner was "Black". Petitioner does not fall under Christian Black Codes 1924. According to Monroe v. Pape, Policy enforcers can be sued as individuals be liable under 42 U.S.C. § 1983. S.Guerra #18286 and P.Anderson #16266 both knowingly and willingly interfered with the parent child relationship and violated Petitioners unalienable rights under Color of Law/Color of State Law. Defendants Trespassed and violated 42 USC 1985, 1983 as they deliberately obstructed justice

2. Nicholas Eason was assigned as the case worker for Child Family Services Las Vegas. At the time of seizure he did not lawfully have in his possession specific and articulable facts that to show the child is immediate danger of suffering severe bodily injury or death and that he explore lesser intrusive alternative means of averting that specific injury. Sade Renee El spoke to Eason on the phone around July 1, 2020 demanding her baby back and confirming there is no contract. The baby was born at home and was born sovereign as natural mother never signed/autographed a U.S human Trafficking Birth Certificate. The baby is protected by the treaty and the rights of a child. She explained to him how great of a mother she is and how her offspring was well protected, loved and properly taken care of. Ase (petitioners heir) has never had any medical conditions, no allergies, very happy and was advancing in development for her age. A few hours later Defendant abruptly without invitation knocked on Petitioners door where she domiciled. Out of duress she was forced to let him in. Nicholas Eason verified the house was very clean and neat, a great amount of food and toys, and the home was properly safe and organized.

From there Defendant began to flirt and make sexual advances towards Sade Renee El.
After Petitioner refused his advances out of spite and abuse of power, Eason intentionally
began to demolish Petitioners family by way of genocide and violate the rights of El and
deliberately ignoring several affidavits and emails from Petitioner demanding her
offspring/property back.. Sade Renee El specifically stated that he is in violation of the
U.S Constitution and he is acting under Color Of Law which he would be sued in his
individual and professional compacity. Petitioner never waived her rights and her
property/child/heir Ase Divine El refuse involuntary servitude and are both protected by
the Rights of Indigenous children, [1]Treaty of Peace and Friendship of 1836 as they both
legally identify as Moorish Americans. Defendant is receiving illegal funds per Title IV-
E in violation of [2]Social Security Act 1935 (1101(6)(d). NICHOLAS EASON knowingly
acted with egregious conduct while violating 42 USC 1983. Eason continued to act
unprofessional in his professional practice violating policies for his own personal gain,
money incentives and due to being vindictive and malicious behavior towards Natural
Mother in proper persona for retaliation purposes for "noncooperation".

3.  Michelle Pelino was transferred a few weeks later as permanent case workers and
imitated his co workers incompetence to State Law, U.S Constitution, common law and
parental rights. Petitioner then reached out via phone and email to supervisor Shalonda
Adams and Tisha Evans. El explained to Adams and Evans her Nationality status, how

---

[1] "A state cannot refuse to give foreign nationals their treaty rights because of fear that valid international
agreements may possibly not work completely to the satisfaction of state authorities. Under the supremacy clause of
the United States Constitution Art.VI clause 2, state polices...must give way to overriding federal treaties and
conflicting arrangements".

[2] "Nothing in this act shall be construed as authorizing any Federal official agent, or representative in carrying out
any of the provisions of this Act, to take charge any child over the parents of such child, or the person standing in
loco parentis to such child"

they are violating her birthrights/parental rights while again demanding the immediate cease and desist and return of her baby. (affidavits also sent please see attachments) With no empathy, regard, concern or care, Petitioners visitations were cut shorter with her daughter and the CFS workers began to alienate the child from mother. A government agent has a duty to intercede when his or her fellow agents violate a person's constitutional rights. (See. Cunningham v.Gates)

All 3 Defendants Michelle Pelino, Tisha Evans and Shalonda Adams had opportunity to cure and intervene the unlawful act of Nicholas Eason and or each other. Pelino, Evans and Adams failed to investigate and all conspired together signing under penalty and perjury as a complaining witness which does not entitle them from immunity.  In the area of child abuse, social workers are constrained by the substantive and procedural guarantees of the Constitution. Suspected child abuse does not permit a social worker to ignore a parent constitutional right. See Wallis v.Spencer (9th Cir.2000) 202 F. 3d 1126, 1130. During a video call Ase was sleeping on "foster care" man while he had on shorts and a print bulging out his pants (name unidentified) and was caressing her back as she sat on his lap. Petitioner was furious and immediately called all the Defendants. All 3 Defendants did not care that El had witness her daughter being raped on camera by the "foster dad". (Sheriff was called please see Joe Lombardo) . Evans, Adams, Pelino have neglected with intent to have Ase molested as she was stolen and kidnapped from her natural mother and was forced to get diaper changes and baths around several strangers under CFS care. Defendants acted together to violate Petitioners unalienable rights violating the 4th,14th amendment and in violation of 42 US 1983. Defendant are all

receiving illegal funds per Title IV-E in violation of [3]Social Security Act 1935 (1101(6)(d).

4. Dydia Garcia is a agent for the visitation center of CHILD FAMILY SERVICES LAS VEGAS. October 13, 2021 during Petitioners forced visit out of duress and coercion Dydia Garcia sexually assaulted Sade Renee El as she was unlawful asked in the public "visitation room" to remove her bra. After Petitioner refused Defendants advances, out of retaliation Dydia Garcia knowingly and willingly ripped the child/heir/property from Petitioners arms and locked Ase in a room. See Attachment 10 Affidavit of Fact Complaint Filed 10/21/2020. The Las Vegas Metropolitan Policy enforcer were called and a incident report was given to Petitioner. See Attachment 10A Henderson Police Department Case Information. Petitioner made a formal complaint to supervisor TISHA EVANS for review which was never responded admission of guilt by acquiescence. See Attachment 10B. Dydia Garcia maliciously willfully without care or concern violated the 4[th,14TH] amendments and is in violation of 42 USC 1983. Dydia Garcia knowingly broke her own companies policies as she denied Natural Mother bringing Toy and Clothes to forced visitations. Defendant began making up her own rules of visitation out of discrimination, Color of Law and Color of State Law.

5. Defendant Adriana Rincon White was assigned as the magistrate July 2020. Petitioner Sade Renee El was denied due process as Defendant White committed Treason. Ignorance of the Law is no excuse. Petitioner had her first hearing in July 2020 and during her special appearance she stated on record that EIGHTH JUDICAL FAMILY

---

[3] "Nothing in this act shall be construed as authorizing any Federal official agent, or representative in carrying out any of the provisions of this Act, to take charge any child over the parents of such child, or the person standing in loco parentis to such child"

COURT does not have jurisdiction over free living beings and she does not waive any of her unalienable rights. Petitioner White was giving opportunity to cure by proving on record jurisdiction as required by Article III section 1 and 2 of the Constitution for the United States of North America. Defendant has the duty to apply strict scrutiny as a fundamental rule to analysis. During trial 2 witnesses took stand and both testimonies did not match. Defendant Adriana Rincon White stated on record and confirmed both witness testimony did not match but still proceeded to violate Defendants God Given rights as a mother and did not dismiss the case. White also refused due process by denying Petitioner to bring her witnesses to testify on stand stating she had to end court early due to personal reasons. White has committed Treason as she is aware of Petitioner being protected by the Treaty of Peace of Friendship 1838 between the Morrocan Empire and United States. Defendant has practiced malicious prosecution, involuntary servitude and is currently continuing seizure violating the Declaration of 1959 Rights of a Child Principal 3 and 9. She has knowingly broken Federal Policy FP Rule 60 (b). Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality. Petitioner stated on record to White that for the kidnapping of her child it will be $100,000 a day in fines.  White responded she will bring her checkbook. Please see Exhibit

6. Belinda T Harris was assigned to the case and was immediately put on notice by Petitioner Sade Renee El demanding her child back and opportunity to cure and uphold her oath to protect the people. Harris has practiced law from the bench also committing Treason and crimes to humanity. El filed with clerk of court affidavit denying as natural mother all vaccinations. Harris violated Natural rights and intentionally orders the child

to vaccinated for money incentives The interest of parents in the care, custody , and control of their children is perhaps the oldest of the fundamental liberty interest. If Harris was acting in law she would have honorable removed and recused herself from the case. Harris is not a family court judge/magistrate and is not trained in the scope of practice of family law. Defendant is in violation of fraud and impersonating a Family Court Judge.

7. Stephanie A Charter was then transferred as the new judge to the case. Defendant was very aware of the unlawful and unwarranted seizure of the child and had a duty and fundamental interest to stop human trafficking.

8. Steven B Wolfson, Stephanie Richter, Beth Rosenblum, Nick Petas and Paya Patel  was assigned to the case all acting as attorneys bringing the case fourth to a judge. Without any firsthand knowledge or witness testimony of child abuse or neglect, all parties decided to move forward and unlawfully proceed. Petitioner also placed all defendants on notice in regards to her legal status and the lack of jurisdiction. Please see attachments. Defendants have deliberately placed the child in a position of danger as a emergency medical treatment was requested and granted for treatments unknown to Natural mother Petitioner. All Defendants failed to list any specific injuries the child may have suffered or potential may. They all knowingly interfered with the Parent Child relationship. In the area of child abuse as with the investigation and prosecution of all crimes, state actors are constrained by the substantive and procedural guarantees of the Constitution.

Audi Renae El
9/20/2022

## COUNT I

### Assault Against Defendants Eason, Garcia

1. Defendant Eason, Garcia, Guerra and Anderson assaulted Petitioner by unlawfully injuring her as she was sexual harassed and stalked by the defendants with apparent present ability to effectuate the injury under circumstances creating fear of imminent peril when they molested and sexual harassed the Petitioner.

## COUNT II

### Battery Against Defendants Eason, Garcia, Guerra, Anderson

2. Defendants Anderson and Guerra battered Petitioner by intentionally and offensively contacting Petitioners body/property and child Ase when Anderson and Guerra took off the clothes of petitioners and Anderson removed the diaper from the baby with sexual intentions and kidnapped Petitioner without the requisite level of suspicion.

## COUNT III

### False Imprisonment Against Defendants Anderson and Guerra

3. Defendants Anderson and Guerra falsely imprisoned Plaintiff by unlawfully detaining her against his will. Defendant Guerra had no reason to detain or search Petitioner because he did not reasonably believe that Petitioner had committed an offense and there was no proof or probable cause. Defendant Guerra participated in the unlawful detention.

## COUNT IV

## 42 U.S.C. §1983 all Against Defendants

4. Petitioner damages under 42 U.S.C. § 1983 for the injuries set forth above against All Defendants are guilty for violation of her constitutional rights under color of law.

5. Additionally, It was the policy and/or custom of the Las Vegas Police Department that failed to exercise reasonable care in hiring its police officers, including Defendants Anderson and Guerra, thereby failing to adequately prevent constitutional violations on the part of its police officers.

6. It was the policy and/or custom of the CHILD FAMILY SERVICES to adequately supervise and train its employees actors and agents. They were to be trained as well with Constitutional/Treaty Rights.

7. As a result of the above described policies and customs, police officers of the Las Vegas District Attorneys, believed that their actions would be justified without proper firsthand knowledge and investigation.

## IV PRAYER FOR RELIEF

Petitioner respectfully requests this Court:

A.      Enter judgment in favor of Petitioner and against all Defendants

B.      Enter an order declaring Defendant CHILD FAMILY SERVICES LAS VEGAS conduct
        was unconstitutional

C.      Award Petitioner compensatory and punitive damages against Defendants

D.      Require JOE LOMBARDO and CHILD FAMILY SERVICES LAS VEGAS to update
        and adopt appropriate policy's on Parents Constitutional Rights related to hiring and
        training.

1. NICHOLAS EASON intentionally intended to cause infliction of emotional distress to

Petitioner. He knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and

is being sued in professional and personal for the amount of $13,000,000.

2. MICHELLE PELINO intentionally intended to cause infliction of emotional distress to

Petitioner. He knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and

is being sued in professional and personal for the amount of $13,000,000.

3. TISHA EVANS intentionally intended to cause infliction of emotional distress to Petitioner.

He knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being

sued in professional and personal for the amount of $13,000,000.

1

4. SHALONDA ADAMS intentionally intended to cause infliction of emotional distress to Petitioner. He knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $13,000,000.

5. DYDIA GARCIA intentionally intended to cause infliction of emotional distress to Petitioner. He knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $13,000,000.

6. STEPHANIE ANN CHARTER intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $66,000,000.

7. STEPHANIE RICHER intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $13,000,000.

9. STEVEN B WOLFSON intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $13,000,000.

10. ADRIANA RINCON WHITE intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $66,000,000.

2

11. BETH ROSENBLUM intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $13,000,000.

12. NICK PETAS intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $13,000,000.

13. PAYA PATEL intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $13,000,000.

14. BELINDA T HARRIS intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $33,000,000.

15. JOE LOMBARDO intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of 11,000,000.

16. S.GUERRA #18286 intentionally intended to cause infliction of emotional distress to Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and is being sued in professional and personal for the amount of $13,000,000.

3

17. P.ANDERSON #16266 intentionally intended to cause infliction of emotional distress to

Petitioner. She knowingly Violated 42 USC 1983 4th and 14th amendment rights of Petitioner and

is being sued in professional and personal for the amount of $13,000,000.

4

## V. CERTIFICATION AND CLOSING

I pray, in the name of Jesus Christ, that this notice reaches you in peace, good fortune and blessings and that your heart will be moved to do the righteous thing as the time for godly correction and restoration is at hand.

9/20/2022

5