# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Sade Renee El,

                    Plaintiff

            v.

Stephanie Ann Charter, et al.,

                    Defendants

Case No.: 2:21-cv-001910-CDS-DJA

**Order Denying Motion to Extend Time and Closing Case**

[ECF No. 21]

This action stems from a series of filings brought by pro se plaintiff Sade Renee El in her attempt to sue a variety of state court judges, government attorneys, police officers, and other legal professionals. So far in this case, United States Magistrate Judge Daniel J. Albregts has issued two different reports and recommendations (R&Rs) (ECF Nos. 11, 16), which I adopted in their entirety. ECF No. 17. In my order adopting both R&Rs, I instructed plaintiff that she had until fourteen days after the order was filed to file an amended complaint. *Id.* I also cautioned her that failure to timely file an amended complaint—or if the amended complaint suffered from the same deficiencies as the prior two complaints—would result in this action being dismissed with prejudice. *Id.* at 5. Two days later, the plaintiff sought an extension to "file an answer," which the magistrate judge construed as a request for more time in which to file an amended complaint. ECF Nos. 19, 20. The magistrate judge extended the deadline and gave the plaintiff until September 9, 2022, to file her amended complaint. ECF No. 20. Then, on September 6, 2022, plaintiff filed another motion to extend time, this time to "answer" the magistrate judge's second R&R. ECF Nos. 21, 22. Liberally construing the filing, it appears that plaintiff seeks either additional time to file objections to the second R&R (ECF No. 16), additional time to file a second-amended complaint (SAC), or both. *See generally id.* On September 29, 2022, twenty days after the deadline, plaintiff filed her second-amended complaint. ECF

22. For the reasons set forth herein, I deny plaintiff's motion to extend time. Further, having reviewed plaintiff's SAC (ECF No. 22), which was filed late, I dismiss this action with prejudice and direct the Clerk of Court to close this case.

**I.    Procedural history**

I incorporate relevant background information set forth in my order adopting both R&Rs. ECF No. 17 at 1–4. A review of that background information reveals that plaintiff has not complied with several deadlines set by the court. *See* ECF Nos. 7 (filed one day late); 12 (seeking and receiving extension from May 13, 2022, deadline to file objections to R&R, but then filing no objections); 15 (filed four days late); 16 (plaintiff given until August 10, 2022, to file objections to second R&R, but then filing no objections).

A further review of the docket reveals that numerous court mailings sent to the plaintiff have been returned "undeliverable." *See* ECF Nos. 8, 13, 18.

**II.   Legal standards for considering motions to extend**

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of Local Rule IA 6-1, be supported by a showing of good cause for the extension. LR 26-3. The good-cause standard primarily considers the diligence of the party or parties seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The good-cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000).

Under the local rules of this district, a motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline that the court granted. LR IA 6-1. The rules further state that requests for extensions made after the deadline has expired *will not* be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. *Id.* (emphasis added). There are four factors—the "*Pioneer* factors"—that I should consider when determining whether neglect is excusable: "(1) the danger of prejudice to

the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Finding equitable neglect is a determination based in equity, taking into account all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395.

Local Rule IA 3-1 provides that a pro se party must file with the court written notification of any change of mailing address, email address, or telephone number. LR IA 3-1. That same rule states that failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. *Id.*

## III.    Discussion

### a.    **Plaintiff's motion to extend is denied because it does not demonstrate good cause or excusable neglect for the delay in filing her SAC.**

On September 29, 2022, plaintiff filed her SAC (ECF No. 22). While this essentially renders her motion to extend (ECF No. 21) moot, I nonetheless address the motion on the merits for completeness of the record. Plaintiff contends that there is good cause to grant her motion because she did not receive a copy of Magistrate Judge Albregts's second R&R. ECF No. 21 at 1. This is the only information provided by plaintiff. This assertion alone does not constitute good cause, especially in light of the plaintiff's repeated missing of deadlines set by this court. In moving for additional time when she has missed deadlines, plaintiff asserts that she received the filings late (ECF No. 19, 21) or provides no explanation for seeking the extension (ECF No. 12). This provides the court with no information suggesting that she is acting diligently. *See Coleman*, 232 F.3d at 1294–95. And her failure to provide reasons for the extension requests also does not comply with the local rules. *See* LR IA 6-1.

Moreover, I do not find that plaintiff has demonstrated excusable neglect. There is no prejudice to any opposing parties at this time because they have not been served or ordered to

respond (the second *Pioneer* factor). And plaintiff's reasons for the delay—not receiving the filings or receiving them late—(the third *Pioneer* factor) are insufficient. She provides no information about her efforts to receive or seek court mailings in a timely fashion, nor does she proffer any explanation about why such delays occurred. This lack of information also prevents the court from evaluating whether or not plaintiff seeks additional time in good faith (the fourth *Pioneer* factor) or for some other reason. Accordingly, I do not find that good cause exists to grant the relief plaintiff seeks, so her motion to extend (ECF No. 21) is denied.

> **b.    The SAC does not cure the identified deficiencies, so this case is dismissed with prejudice.**

As noted above, I cautioned plaintiff that if she failed to timely file a SAC, or if that pleading contained the same deficiencies as the prior two complaints, this action would be dismissed with prejudice. ECF No. 17 at 5. While untimely filed, I nonetheless reviewed plaintiff's SAC and discuss it here.

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A pleading must give fair notice of a legally cognizable claim and a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Plaintiff's SAC is merely her first-amended complaint refiled with the addition of new exhibits. *Compare* ECF No. 15, *with* ECF No. 22-3. The SAC does not cure the deficiencies identified by Magistrate Judge Albregts, findings which I later adopted. *See* ECF Nos. 11, 16, 17.

1   The SAC does not allege any new facts or provide any new information to support plaintiff's

2   allegations that the named defendants exceeded the boundaries of the absolute immunity

3   shielding the judiciary and prosecutors. The remainder of the plaintiff's claims against the

4   named defendants are wholly conclusory and therefore do not constitute claims upon which

5   relief can be granted. Last, plaintiff again seeks claims for relief based on criminal statutes that

6   do not confer private rights of action. Federal courts have the authority to dismiss a case if the

7   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

8   or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

9   Because the SAC fails to state a claim upon which relief can be granted and asserts claims

10  against immune individuals, I hereby dismiss this action.

11       **c.    I decline to grant leave to amend because it would be futile.**

12          The Ninth Circuit has long held that leave to amend should be granted unless it is clear

13  that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys.,*

14  *Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). Under Federal Rule of Civil Procedure 15(a), a court

15  should "freely" give leave to amend "when justice so requires," and in the absence of a reason

16  such as "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure

17  to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

18  by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178,

19  182 (1962). Secondly, when the claims in the complaint have not crossed the line from

20  conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Here,

21  plaintiff has been given two opportunities to cure the deficiencies in her filings and has not been

22  able to do so. Accordingly, I find that allowing further amendment would be futile, so I decline

23  to allow it and direct the Clerk of Court to close this case.

24

25

26

## II.    Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion to extend **[ECF No. 21] is** DENIED.

IT IS FURTHER ORDERED that this case is dismissed with prejudice. The Clerk of Court is directed to CLOSE THIS CASE. No other documents may be filed in this now-closed case.

DATED: November 2, 2022

_____
Cristina D. Silva
United States District Judge